CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 22 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILMER JEROME KNIGHT, | CASE NO. 7:14CV00687 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| OFFICER SHEPPHERD AND OFFICER PARKS, | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Defendants. | |

Wilmer Jerome Knight, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Knight alleges that the defendant prison officials' use of nonlethal bullets and a K-9 attack dog to harm him during a fight with another inmate constituted excessive force, in violation of his constitutional rights. Upon review of the record, the court finds that the defendants' motions for summary judgment must be granted on the ground that Knight failed to exhaust available administrative remedies.

I

Knight is incarcerated at Red Onion State Prison, a high security facility in Pound, Virginia, operated by the Virginia Department of Corrections ("VDOC"). Knight alleges that while he was in the gym on September 10, 2014, Inmates Jones and Evans started punching him and knocked him down. Knight got up and started wrestling with Jones on the ground, while Evans continued to throw punches at Knight. Officer Parks ordered the inmates to stop fighting, and when they failed to do so, Parks fired five rounds of nonlethal bullets at Knight and Jones. At this point, Officer Sheppherd from the Red Onion K-9 unit, arrived at the workout room with a dog. Even though Jones was on top of Knight, Sheppherd's dog attacked Knight and bit his right arm.

Knight allegedly suffered four, deep puncture wounds from the bite to his arm and bruises on his leg from the bullets that Parks fired. Knight sues both officers for monetary damages.

Defendants have filed motions for summary judgment on the ground that Knight failed to exhaust available administrative remedies before filing this lawsuit, as required under 42 U.S.C. § 1997e(a). Knight has had ample time to respond to defendants' motions and has done so with numerous motions. After review of the record, the court finds defendants' motions to be ripe for disposition.

## II

An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a party's evidence to raise a genuine issue of material fact sufficient to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

The Prison Litigation Reform Act ("PLRA"), among other things, provides in 42 U.S.C. § 1997e(a) that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Nussle v. Porter, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and whether the form of relief the inmate seeks is available under the administrative

procedure. Id. To comply with § 1997e(a), an inmate must follow each step of the established administrative procedure that the facility provides to prisoners and meet all deadlines within that procedure before filing his § 1983 action. See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006) (finding inmate's untimely grievance was not "proper exhaustion" of available administrative remedies under § 1997e(a)). "[T]he language of section 1997e(a) clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal [of unexhausted claims] rather than issuing continuances so that exhaustion may occur." Carpenter v. Hercules, No. 3:10CV241-HEH, 2012 WL 1895996, at *4 (E.D. Va. May 23, 2012) (quoting Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003)).

The defendants bear the burden of proving the affirmative defense that Knight failed to exhaust available administrative remedies regarding his claims. Jones v. Bock, 549 U.S. 199, 212 (2007). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Operating Procedure ("OP") 866.1 is the written administrative remedies procedure that inmates in VDOC facilities must follow to comply with § 1997e(a).[1] Inmates are oriented to the steps of this procedure each time they are transferred to a new prison facility. An inmate must first attempt to resolve his issues informally by completing an informal complaint form for which he receives a receipt. An official writes a response on the bottom of the informal complaint and returns it to the inmate within fifteen days. The inmate can then initiate a regular grievance by submitting the grievance form, with the informal complaint attached. If the inmate does not

---

[1] Inexplicably, defendants submit with their motion a copy of OP 861.1, the VDOC disciplinary procedures, rather than a copy of OP 866.1, the inmate grievance procedures. OP 866.1 is available online, however. See http://www.vadoc.virginia.gov/about/procedures/default.shtm

3

receive a response to his informal complaint within fifteen days, he may, nevertheless, file a regular grievance form, attaching his receipt as evidence that he filed an informal complaint.

A regular grievance must be filed within thirty days of the occurrence. If the grievance is not timely filed, the intake officer will mark "Expired Filing Period" on the back of the form and return it to the filer. If the inmate disagrees with the intake decision, he then has five days to appeal to the regional ombudsman, whose decision is final.

If a regular grievance is properly and timely filed, the warden or his designee will investigate and send the inmate a Level I response. If the responding official determines the grievance to be "unfounded," the inmate must appeal that holding to Level II, the regional administrator for full exhaustion, and in some cases, to Level III.

As stated, the incident of which Knight complains occurred on September 10, 2014. Under OP 866.1, he had thirty days to file an informal complaint and then a regular grievance about the incident. Defendants submit the affidavit of J. Messer, the Red Onion grievance coordinator, concerning the record of Knight's utilization of the grievance procedure regarding his claims in this case. Knight filed a regular grievance about the dog bite incident on October 21, 2014. Messer did not accept this grievance during the intake process, because Knight did not submit the form within thirty days after the date of the occurrence on September 10 and did not attach an informal complaint. On October 23, 2014, Messer noted on the grievance that it was being rejected because the filing period had expired and no informal complaint was attached. Knight did not file any other grievance on this matter before filing the lawsuit.

Knight does not dispute the accuracy of Messer's evidence about his untimely regular grievance and his failure to file any administrative appeals. Thus, it is clear that Knight did not

4

properly exhaust available administrative remedies before filing this lawsuit as required under § 1997e(a).[2]

In response to defendants' motions, Knight asserts that he tried to exhaust his administrative remedies and was prevented from doing so. He claims that on September 19, 2014, he filed an informal complaint (ROSP-14-INF-02090) about the dog bite incident, but Messer only gave him a receipt. Knight asserts that because Messer never returned the original informal complaint to him, Knight was unable to complete the regular grievance procedure and pursue other appeals within the time limits set in OP 866.1.

The court cannot agree that Messer's failure to return the informal complaint prevented Knight from initiating a timely regular grievance.[3] OP 866.1 expressly states that if an inmate's informal complaint form is not returned within fifteen days, he may attach the receipt to the regular grievance instead.[4] OP 866.1(V)(B)(2). Knight failed to take this available step to file a timely grievance and subsequent appeal, as required for proper exhaustion of the remedies under

---

[2] After receiving the motion for summary judgment, Knight filed motions seeking an extension of time in the litigation of this case to allow him to pursue belated appeals under OP 866.1 and respond to defendants' motion (ECF Nos. 46 and 48). These motions must be denied. The court finds no authority under § 1997e(a) or elsewhere for the court to extend the time for an inmate to complete the prison's grievance process concerning a past injury, such as the ones at issue in Knight's case.

Nevertheless, Knight has attempted belated exhaustion. Knight's submissions indicate that on March 23, 2015, he filed a request to be allowed to refile his informal complaint (ROSP-14-INF-02090) about the dog bite incident. The staff response to this request was: "You are outside the allowable time frame in OP #866.1 to have this issue addressed through the grievance process." (ECF No. 50, at 3.) In March and April 2015, Knight attempted appeals to Level I and Level II. On this basis, he asserts that he has satisfied the exhaustion requirement in § 1997e(a). Because he failed to exhaust within the time limits of OP 866.1, however, he did not properly exhaust. See Woodford, 548 U.S. at 94.

[3] Knight seeks to amend his complaint to add a claim that Messer's failure to return his informal complaint deprived him of access to the court (ECF No. 56). The court finds this amendment to be futile and will deny the motion. Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Because prison grievance procedures are separate and distinct from state and federal legal procedures, an officer's failure to comply with state grievance procedures does not compromise an inmate's right of access to the courts. See, e.g., Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).

[4] On summary judgment, the court takes as true Knight's allegation that he filed this informal complaint. Therefore, the court will deny his motion (ECF No. 42) seeking production of a copy of this document and will deny Parks' motion for protective order (ECF No. 60) as moot.

5

OP 866.1. Accordingly, the court finds no genuine issue of material fact in dispute that Knight failed to exhaust administrative remedies before filing this lawsuit and was not prevented from doing so.

Furthermore, as Knight's 2015 attempts at untimely utilization of the remedies under OP 866.1 have been rejected as improper exhaustion, § 1997e(a) bars him from proceeding with any future lawsuit in this court regarding the dog bite incident. Therefore, the court will grant defendants' motions and dismiss Knight's claims with prejudice. See, e.g., Duncan v. Clarke, Civil Action No. 3:12CV482, 2015 WL 75256, at *9 (E.D. Va. Jan. 6, 2015) (finding dismissal with prejudice under § 1997e(a) appropriate if administrative remedies were available, prisoner had could have utilized them, and has shown no justifiable reason for failing to do so); Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004) (same).

## III

For the reasons stated, the court will grant defendants' motions for summary judgment on the ground that Knight failed to exhaust administrative remedies before filing this action, dismiss Knight's claims with prejudice, and deny Knight's motions for summary judgment on the merits of his dismissed claims (ECF Nos. 27, 40, and 44) as moot. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 22 day of May, 2015.

*/s/ Glen Conrad*
Chief United States District Judge