CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILMER JEROME KNIGHT, | ) | CASE NO. 7:14CV00687 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| OFFICER SHEPPHERD | ) | |
| AND OFFICER PARKS, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Wilmer Jerome Knight, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint alleges that on September 10, 2014, Red Onion State Prison officers Sheppherd and Parks used excessive force—nonlethal bullets and a K-9 attack dog—against Knight during a fight with other inmates, in violation of the Eighth Amendment. By opinion and order entered May 22, 2015, the court granted defendants' motions for summary judgment and dismissed Knight's claims with prejudice under 42 U.S.C. § 1997e(a), because he failed to exhaust administrative remedies before filing the lawsuit. The court has since received two motions from Knight, seeking to reinstate the case, amend his complaint with new claims against new defendants, and obtain interlocutory injunctive relief. Upon review of the record, however, the court denies both of Knight's motions.

After Knight's case was closed, the court received Knight's motion, seeking to amend his complaint and demanding a preliminary injunction. Knight signed and dated this motion on May 21, 2015. For purposes of this opinion, the court accepts that date as the date of filing, pursuant to Lewis v. Richmond City Police Depot, 947 F.2d 733 (4th Cir. 1991), and will consider the merits of this motion (ECF No. 64). Knight alleges that during his four years at Red Onion, various officials have retaliated against him because he previously filed federal lawsuits. He

alleges that various officers have verbally threatened, harassed, and discriminated against him, refused to provide him with informal complaint forms, brought false disciplinary charges against him, and wrongfully convicted him of those charges. Knight also complains that particular officers have refused his requests for a prison job in the pod or the kitchen. Finally, he names various officials who allegedly knew of enemies Knight had identified, but allowed Knight to be assigned to cells near these enemies so the inmates could "fight or hurt each other." (Mot. 3, ECF No. 64.)

As a motion to amend, the court finds Knight's motion to be both untimely and futile. Rule 15(a) of the Federal Rules of Civil Procedure allows amendment as a matter of course within 21 days after service of a responsive pleading or motion to dismiss. An amendment at any other time, however, requires leave of court or consent from the opposing parties. Knight seeks to add claims and defendants to a lawsuit that has been ready for decision on summary judgment since mid-April 2015. He offers no indication that the opposing parties, Sheppherd and Parks, have consented to his amendments. As Knight's amendment is not timely under Rule 15(a)(1), he must obtain leave of court to amend.

Rule 15(a)(2) provides that the court should "freely give leave [for an amendment] when justice so requires." Because Knight failed to exhaust administrative remedies as to the initial claims against Sheppherd and Parks, however, those claims are barred from review under § 1997e(a) and were appropriately dismissed on that ground. The current motion does not challenge the court's ruling under § 1997e(a), and justice does not require allowing amendment of an improperly filed lawsuit.

Moreover, the proposed amendment fails for other reasons. Knight seeks to add new claims against new defendants that are not clearly related in any way to the claims in the existing

2

lawsuit. See Rules 18 and 20 (regarding proper joinder of parties and claims). The court finds no basis on which to expand the lawsuit by allowing improper joinder of claims and parties. Knight's new allegations are also too conclusory to state any actionable claims against the new defendants he has named. He does not allege specific actions or omissions by any of the defendants related to the alleged violations. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013) (holding that § 1983 permits aggrieved party to file civil action against a person for actions taken under color of state law that violated his constitutional rights). His retaliation claims rely on nothing more than conclusory assertions with no factual support. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (finding that conclusory allegations of retaliation may be summarily dismissed). For the reasons stated, the court will deny Knight's motion to amend.

Furthermore, Knight's demand for interlocutory injunctive relief must also be denied. Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "[1] that he is likely to succeed on the merits; [2] he is likely to suffer irreparable harm in the absence of preliminary relief; [3] that the balance of equities tips in his favor; and [4] an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Knight fails to state facts showing any likelihood that he will succeed on the merits or suffer irreparable harm in the absence of interlocutory relief.

Finally, Knight has also submitted a post-judgment motion titled "motion to alter o[r] amend the judgment or motion for leave to file an amended complaint" (ECF No. 65). This motion reiterates Knight's attempted claims of retaliation and failure to protect, with attached documents related to these allegations. This motion, however, was signed and dated on May 25, 2015, after this case closed. Moreover, the motion does not state facts contradicting the court's

3

finding that Knight failed to exhaust administrative remedies with regard to his excessive force claims before filing this lawsuit, as required under 42 U.S.C. § 1997e(a). Therefore, the court finds no ground on which to alter or amend the judgment dismissing Knight's lawsuit on that ground, and will deny Knight's proposed amendments of a closed action as moot. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 15th day of June, 2015.

_____
Chief United States District Judge