CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 22 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILMER JEROME KNIGHT, | ) | CASE NO. 7:14CV00687 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| OFFICER SHEPPHERD | ) | |
| AND OFFICER PARKS, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

In this closed pro se prisoner civil rights action under 42 U.S.C. § 1983, Plaintiff Wilmer Knight has filed a motion to amend. By opinion and order entered May 22, 2015, the court granted defendants' motions for summary judgment and dismissed Knight's excessive force claims with prejudice under 42 U.S.C. § 1997e(a), because he failed to exhaust administrative remedies before filing the lawsuit. After Knight's appeal from this decision was docketed in the United States Court of Appeals for the Fourth Circuit, Knight submitted a motion in that Court, seeking leave to amend his complaint. His motion was then forwarded to this court for disposition. After review of the record, the court finds that Knight's motion must be dismissed as improper and futile.

First, the court will not allow an amendment to this action, which was dismissed with prejudice as barred under § 1997e(a). Knight offers no ground on which he is entitled to bring new claims in a case that was improperly filed from its inception.

Second, Knight's motion is improper under Rule 15(c) of the Federal Rules of Civil Procedure, which requires consent of the parties or leave of the court for late amendments, which must also relate back to plaintiff's initial claims. Contrary to these requirements, Knight offers no indication that defendants have consented to his amendment, which seeks to add new claims

against new defendants that are not clearly related in any way to the claims or defendants in the existing lawsuit. See also Rules 18 and 20 (regarding proper joinder of parties and claims).

Third, Knight's new allegations are too conclusory to state any actionable claims against the new defendants he has named. His retaliation claims rely on nothing more than conclusory assertions with no factual support. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (finding that conclusory allegations of retaliation may be summarily dismissed).

For the reasons stated, the court will deny Knight's motion to amend. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 22d day of June, 2015.

*/s/ Glen Conrad*
Chief United States District Judge